**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A- 5896-17T3

FANG LIU,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR, and
VINTAGE PHARMACEUTICALS,
LLC,

     Respondents.

_____

Argued December 9, 2019 – Decided February 10, 2020

Before Judges Sumners and Natali.

On appeal from the Board of Review, Department of Labor, Docket No. 133,296.

Kevin J. Mahoney argued the cause for appellant (Kreindler & Kreindler, LLP, attorneys; Fang Liu, on the pro se briefs).

Jana Rene DiCosmo, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant

Attorney General, of counsel; Jana Rene DiCosmo, on the brief).

Respondent Vintage Pharmaceuticals, LLC, has not filed a brief.

PER CURIAM

Appellant Fang Liu challenges the final agency decision of the Board of Review of the Department of Labor and Workforce Development (Board) affirming the decision of the Appeal Tribunal disqualifying her for unemployment benefits from December 6, 2015 to July 16, 2016. Because there is credible evidence in the record to support the Board's determination that Liu was ineligible for benefits during that period due to her failure to comply with reporting requirements in accordance with the Division of Unemployment Benefits (Division) regulations, we affirm.

I

The administrative record reveals the following relevant procedural history and facts. Liu, whose primary language is Chinese, worked for Vintage Pharmaceuticals, LLC, as a full-time Principal Research Scientist from September 2014 until the company ceased operations on November 13, 2015. Two days after she became unemployed, Liu filed a claim for unemployment benefits with the Division over the internet, establishing a weekly benefit rate

of $646.  Liu was notified that before she could collect her benefits, she had to participate in a telephone interview with a claims examiner.  She subsequently received notice by mail scheduling her telephone interview for December 1 at 1:40 p.m.  The notice also instructed her to continue reporting to the Division even if the interview did not occur.

On December 1, a claims examiner telephoned Liu twice, at 1:45 p.m. and 2:15 p.m.  The first attempt went straight to Lui's voice message, so the claims examiner left a message for her stating he would call her again around thirty to sixty minutes later.  During the second attempt to interview, Liu's phone rang but there was no answer, so the claims examiner left a second voice message advising her that she could call the Division at the phone number he provided to reschedule her interview.  Both of the claims examiner's calls were recorded by the Division.  Liu maintains she was talking on the phone around twenty minutes before the scheduled interview time, and when she hung up, she noticed a voice message left by the claims examiner stating the interview was cancelled and would be rescheduled.

According to Liu, she called the phone number left by the claims examiner, and later received a notice in the mail scheduling another interview for a date in February 2016.  Prior to that scheduled interview, Liu claims she

received another voice message from the Division cancelling the interview and giving her instructions on how to reschedule the interview. Liu contends she followed the instructions, but the interview was not rescheduled. She did not produce a copy of the notice scheduling an interview in February 2016, claiming she threw it away. The Appeal Tribunal has no record of a notice scheduling an interview with Liu in February 2016.[1]

Between March and June 2016, Liu testified she attempted to contact the Division by telephone around five or six times but could not reach anyone due to the high volume of phone calls made to the Division. She also claimed she tried to contact the Division via its online system to no avail. Liu did not visit a local Division office during that time because she contended the original notice she received did not advise her to do so.

Eventually, during the second week of July, Liu went to a local office where she reopened her dormant claim for benefits. The Deputy Director of the

---

[1] In its written decision, the Appeal Tribunal found Liu contacted the Division on February 1, 2017 to reschedule a telephone interview for February 24, 2017. (Emphasis added). At argument, we requested supplemental information to confirm the accuracy of that date to reconcile it with the record. The Board advised that Liu scheduled an interview for that date after she had exhausted benefits from her initial November 15, 2015 claim. At her 2017 interview, Liu revealed she received a severance package from her employer of approximately $96,144.23, which prompted the Division to determine whether the compensation affected Liu's entitlement to benefits.

Division (Deputy) determined she was ineligible to receive benefits from November 15, 2015 through July 16, 2016, because she failed to contact the Division every two weeks during that time period in accordance with Division regulations. Liu administratively appealed the Deputy's decision to the Appeal Tribunal arguing she had good cause for failing to report because the agency's system blocked her telephone and internet access to the Division, and later she argued language barriers complicated the matter.

During the administrative remand, Liu's counsel contacted the Appeal Tribunal requesting any notes, instructions, or suggested questions proffered by the Board to the Appeal Tribunal. The record includes an undated unsigned response, presumably from the Board, stating:

> It has come to our attention that in a matter in which the Board has issued an order of remand for additional testimony, you have requested that the appeals examiner provide you with a copy of the Board . . . worksheet.
>
> We have gone down this road before. Over the years, you have raised this issue again and again and our response has always been the same. The Board, by the wording of its remand order, indicates in general terms to the parties the reason for the need for additional testimony. However, the Board's worksheet, in which it gives instructions and sometimes suggestions to the hearing officer as how to proceed is, as you are aware, off limits to both claimants and employers.

A- 5896-17T3

> Pursuant to N.J.S.A. 43:21-10(d), the Board supervises the work of the . . . Tribunal. Moreover, decisions of the . . . Tribunal that are not appealed become decisions of the Board. . . . N.J.S.A. 43:21-6(c). Consequently, the appeal tribunals are creatures of the Board, and our instructions to the appeal examiners by means of our worksheets are directions to our subordinates, and hence, privileged communications not subject to disclosure to the parties in a benefit dispute.

The Appeal Tribunal found Liu was eligible for benefits from November 15, 2015 through December 5, 2015, but ineligible from December 6, 2015 through July 16, 2016. After twice ordering the case to be remanded for further fact finding, the Board eventually adopted the Appeal Tribunal's decision. Citing N.J.A.C. 12:17-4.1 and N.J.A.C. 12:17-4.3(b), the Appeal Tribunal determined Liu made an effort to report during the period of November 15, 2015 to December 5, 2015, but lacked good cause for failing to report from December 6, 2015 through July 16, 2016. In finding Liu ineligible for that period, the Appeal Tribunal stated:

> The evidence presented in this matter does not show that [Liu] had good cause for failure to claim benefits as instructed. [Liu] admitted she received the telephone interview notice from the Division prior to the scheduled interview time. She also testified that she read the interview notice. The interview notice clearly states the individual must continue claiming benefits while awaiting the telephone interview.
>
> . . . .

[Liu] contended that she attempted to call the . . . Division from [March 2016] through [June 2016], but her contention is rejected. There was no record or proof provided that attempts were made. Therefore, [Liu] is ineligible for benefits from [December 6, 2015] through [July 16, 2016], as she failed to comply with the reporting requirements of the Division, in accordance with N.J.A.C. 12:17-4.1.

[Liu] was given an opportunity to provide her phone records as evidence that she attempted to claim benefits during the period in question. [She] did not provide these records and has not met her burden of proof.

[Liu's] contention is that there was an English barrier and [she] had difficulty understanding the procedure to claim benefits via phone or internet. It was [her] responsibility to report to the unemployment office and seek assistance in order to remain in reporting status.

This appeal ensued.

## II

Before us, Liu contends she is entitled to benefits from December 6, 2015 through July 16, 2016 because the Board failed to apply the correct test for finding she had not established good cause for failing to report to the Division. She contends her uncontradicted testimony meets her burden of proof to show that she attempted to report during this time period but was thwarted by the agency's reporting system. To support her good cause claim that she was substantially prevented from reporting through no act of her own, Liu cites

Rivera v. Bd. of Review, 127 N.J. 578, 580-81, 589-90 (1992) (holding the Department of Labor's repayment notification process was inadequate to protect the due process right to appeal the denial of unemployment benefits of a non-English speaking migrant farmworker who lived in Puerto Rico five months a year) and Garzon v. Bd. of Review, 370 N.J. Super. 1, 7-8,10 (App. Div. 2004) (remanding to the Board to allow claimant to show good cause why she filed a late appeal of the Board's dismissal of her claim given the inadequate notice to her that she could present good cause for her late filing).[2] Liu further claims the finding that it was her responsibility to obtain assistance was unlawful because she is a native Chinese speaker and claims to have Limited English Proficiency (LEP). Finally, she argues the Board's use of confidential communications to the Appeal Tribunal violated state law and her constitutional rights.

In opposition, the Board argues it was unreasonable for Liu to wait six months without receiving benefits to finally report to the Division in person in July 2016, and her language proficiency argument is undercut by her own testimony that she read the interview notices, followed all the instructions, and was not confused about the reporting process. As to Liu's argument regarding

---

[2] Liu also relies on an unpublished decision, which in accordance with our rules has no precedential value. R. 1:36-3.

confidential communications between the Board and the Appeal Tribunal, the Board contends her assertions are based on documents which may be privileged and therefore are outside the scope of this appeal.

The unemployment benefits sought by Liu are pursuant to the Unemployment Compensation Law (UCL), N.J.S.A. 43:21-1 to -24.30, social legislation enacted to provide benefits to qualified individuals for periods of unemployment so they can maintain purchasing power and limit the serious social consequences of poor relief assistance. N.J.S.A. 43:21-2. In order to be eligible for benefits under the UCL, an unemployed person must file a claim with the Division and continue to report to the Division "in accordance with such regulations as the [D]ivision may prescribe." N.J.S.A. 43:21-4.

After a person has filed a claim for benefits, the Division is directed to examine the claim and contact the claimant's last employer in order to determine eligibility under the UCL. N.J.S.A. 43:21-6(b)(1). If an employer fails to respond, the Division "shall rely entirely on information from other sources, including an affidavit to the best of the knowledge and belief of the claimant with respect to his wages and time worked." Ibid. The Division is directed to withhold making an initial determination until "all necessary information" is obtained. Ibid. "If an initial determination cannot be made due to the lack of

<span>A- 5896-17T3</span>

documentation, notification will be sent to the claimant providing a status of the claim." Ibid.

The Division's regulations prescribe initial interviews with the claimant for benefits in order to provide:

> (1) Notice of the benefits and services available pursuant to the provisions of this . . . [UCL] . . . ; and
>
> (2) A review of the individual's rights and responsibilities with respect to the unemployment compensation, including an explanation of the appeal process and of the worker profiling system and its possible impact on the individual.
>
> [N.J.S.A. 43:21-4.1(b)(1)-(2).]

Thereafter, it is required that:

> (a) Individuals shall report as directed by the Division as to date, time, and place in person, by telephone, by mail, via an Internet application or as the Division may otherwise prescribe.
>
> (b) An individual who fails to report as directed will be ineligible for benefits unless, pursuant to a fact-finding hearing, it is determined that there is "good cause" for failing to comply. For the purposes of this subchapter, "good cause" means any situation which was substantial and prevented the claimant from reporting as required by the Division.
>
> [N.J.A.C. 12:17-4.1.]

Additionally, N.J.A.C. 12:17-4.3 provides:

10

(e) An individual must be in continuous reporting status to be eligible for unemployment benefits. Once an individual is ineligible for benefits because of his or her failure to comply with reporting requirements for a designated benefit period, he or she may reassert his or her claim for later weeks of unemployment only if the individual contacts the Division within 14 days of the subsequent two-week designated benefit period. An individual who is ineligible for the second designated benefit period for failure to comply shall continue to be ineligible for benefits until such calendar week in which he or she reports or otherwise contacts the Division to claim benefits.

. . . .

(h) A claimant who fails to comply with reporting requirements by any method directed by the Division shall report to the Division to claim benefits. Unless the claimant has "good cause," as defined in N.J.A.C. 12:17-4.1, for failing to report timely by the method directed by the Division, the claimant shall be ineligible for benefits for the designated benefit period.

We discern no reason to conclude the Board misapplied these guidelines, or its ruling was not supported by credible evidence that Liu was ineligible for benefits from December 6, 2015 through July 16, 2016, because she failed to show good cause for not reporting to the Division during this period. See Ardan v. Bd. of Review, 231 N.J. 589, 605 (2018) (ruling we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue," quoting In re Election Law Enf't Comm'n Advisory Op. No. 001-2008,

201 N.J. 254, 262 (2010)); see also, Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (holding "[i]f the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them,'" quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982), and the agency's decision may not be disturbed unless shown to be arbitrary, capricious, or unreasonable). Liu's failure to report was not the result of any lack of information provided by the Division as was the situation in Rivera and Garzon. Nor was she misinformed by the Division. There was nothing to stop her from making continued efforts to report via telephone, mail, or personal visits to a Division local office.

We agree with the Division that Liu's language proficiency argument lacks credibility based on her first telephonic hearing testimony before the Appeal Tribunal when she testified in English that she read the Division's notices, followed all the instructions, and was not confused. At no point does she indicate that she needed an interpreter, or for that matter, requested one. We find nothing arbitrary, capricious, or unreasonable concerning the rejection of Liu's good cause explanations, which the Board determined was inconsistent and not credible.

Lastly, we do not address Liu's argument that the Board made confidential communications to the Appeal Tribunal in violation of state law and her

constitutional rights because they lack sufficient merit to warrant discussion in in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A- 5896-17T3